IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Benjamin K. Herrington, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-CV-2940 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| Aaron Cory; and Grundy County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This Fourth Amendment excessive force case under 42 U.S.C. § 1983 comes before the court on defendants' motion to dismiss the complaint for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Defendants argue that photographs in the complaint conclusively establish that the force used to arrest plaintiff Benjamin K. Herrington was reasonable and that defendant Aaron Cory is entitled to qualified immunity. For the following reasons, the court denies defendants' motion.

### I. MOTION TO DISMISS STANDARD

Defendants' Rule 12(b)(6) motion tests the complaint's sufficiency, not the merits of the case. *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). Rule 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule reflects "a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *see also Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024) (contrasting federal notice pleading with the regime of code pleading it replaced). To satisfy the federal notice pleading standard, a complaint must allege a "plausible" claim; "it cannot be merely conceivable or speculative." *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th

1017, 1028 (7th Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility requirement "does not, and under the strictures of Rule 8 cannot, present a high barrier to the pleader." *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)); *see Brown v. Meisner*, 81 F.4th 706 (7th Cir. 2023). Nonetheless, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to render a claim plausible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). To raise the plaintiff's right to relief above the speculative level, "[t]he complaint must include sufficient details to make the plaintiffs' account one that *could* have happened and, if it did happen, states a claim cognizable under the governing law." *Taylor*, 110 F.4th at 1028 (emphasis in original) (citing *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 526 (7th Cir. 2015); other citation omitted).

## II. FACTS

Law enforcement officers arrested Herrington on April 25, 2022. Compl. ¶ 5, ECF No. 1. Defendant Aaron Cory, a canine handler for co-defendant Grundy County, Illinois, was present. *See* Compl. ¶¶ 7–8. The complaint does not specify the charge for which Herrington was arrested, and it does not describe the events that led to Herrington's arrest. Herrington concedes in the complaint that there was probable cause to arrest him. Compl. ¶ 6.

In their motion to dismiss, defendants attempt to expand the factual universe. Citing no evidence or supporting legal authority, they represent in their motion that Herrington led law enforcement officers on a seventy-mile chase before he was arrested. Mot. Dismiss 2, ECF No. 7. These factual allegations appear nowhere in the complaint. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (collecting authorities). Applying this rule, the court disregards all facts alleged in defendants' motion to dismiss that are not also pleaded in Herrington's complaint. *See, e.g.*, *Munguia v.*

2

*Illinois*, 2010 WL 3172740, at *5 (N.D. Ill. Aug. 11, 2010); *Willoughby v. Vill. of Fox Lake*, 2017 WL 6570084 (N.D. Ill. Dec. 21, 2017).

Returning to the complaint's allegations, a struggle occurred during the arrest. Compl. ¶¶ 9–11. Law enforcement officers subdued Herrington, pinning him on the ground. Compl. ¶ 9. Herrington ceased resisting physically and no longer presented an "imminent threat of harm." *See id.* Cory nevertheless ordered his canine partner to bite Herrington's right leg, inflicting "serious personal injuries" causing him to be "permanently disfigured." *Id.* ¶¶ 9, 11.

The complaint includes three photographs taken at unspecified times during Herrington's arrest.[1] Compl. ¶¶ 7, 10. Defendants argue that the photographs unambiguously contradict Herrington's allegation that he had ceased resisting physically. The photographs follow:





---

1. In the complaint on file, a color photograph appears in paragraph seven, and the photos in paragraph ten are black-and-white. For reasons that are unclear, defendants state in their reply brief that all of the photos in the complaint are black-and-white. Reply Supp. Mot. Dismiss 2, ECF No. 12.

Figure 1.  Photographs in paragraphs seven and ten of the complaint.

The complaint does not explain when or how the photographs were obtained.  Defendants speculate in their reply brief that Herrington captured screenshots from television news coverage of his arrest.  *See* Reply Supp. Mot. Dismiss 2–3, ECF No. 12.  Defendants contend that this court should consider the news video in full, but they waived this argument by making it for the first time in their reply brief.  *See, e.g.*, *United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023), *cert. denied,* 144 S. Ct. 1046 (2024) (citing *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)).

### III. ANALYSIS

Herrington sues Cory, but not the County,[2] under 42 U.S.C. § 1983 for violating his Fourth Amendment right to be free from unreasonable searches and seizures.  U.S. CONST. amend. IV.  As alleged in the complaint, an arrest by a police officer under color of law constitutes a seizure of the arrestee for Fourth Amendment purposes.  *See Cnty. of LA. v. Mendez*, 581 U.S. 420, 427–28 (2017); *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Defendants argue that the complaint fails to state a Fourth Amendment excessive force claim.  The court assesses a police officer's use of force during an arrest under the Fourth Amendment's objective reasonableness standard.  *Stainback v. Dixon*, 569 F.3d 767, 771–72 (7th Cir. 2009) (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989)).  Under this standard, the court asks "whether the officers' actions are 'objectively reasonable' in light of the facts and

---

2. Herrington also brings an indemnity claim against the County.  Compl. 4.  Relying on cases applying *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), defendants argued in their motion to dismiss that this count improperly attempted to impose *respondeat superior* liability on the County for a § 1983 violation.  *See* Mot. Dismiss 5–6.  But Herrington makes clear in his response brief that his indemnity claim arises under Illinois law.  ECF No. 10 at 9; *see, e.g.*, *Moran v. Calumet City*, 54 F.4th 483, 500 (7th Cir. 2022) (analyzing indemnity claim on the merits).  Where, as here, the court has original jurisdiction over at least one claim (here, the § 1983 claim against Cory), the supplemental jurisdiction statute extends the court's jurisdiction to other claims "arising out of the same transaction or occurrence."  28 U.S.C. § 1367(a).  Because defendants offer no argument for dismissal of Herrington's indemnity claim under Illinois law, their motion to dismiss the indemnity claim is denied.

circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citing *Scott v. United States,* 436 U.S. 128, 137–39 (1978); other citation omitted). The reasonableness of the use of force must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Mendez*, 581 U.S. at 428 (quoting *Graham*, 490 U.S. at 396). The "nature and extent of the force that may be used depends upon the circumstances surrounding the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Stainback*, 569 F.3d at 772 (quoting *Graham*, 490 U.S. at 396). This list is non-exhaustive. In each Fourth Amendment case, "the question is 'whether the totality of the circumstances justifies a particular sort of seizure.'" *Graham*, 490 U.S. at 396 (alterations omitted) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)); *accord Mendez*, 581 U.S. at 427–28.

Cory also invokes the doctrine of qualified immunity. *See* Mot. Dismiss 4–5. "Qualified immunity protects government officials from liability for civil damages in situations in which their conduct does not violate a clearly established statutory or constitutional right." *Gupta v. Melloh*, 19 F.4th 990, 1000 (7th Cir. 2021) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Qualified immunity shields police officers from a claim for money damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Id.* (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Defendants fault Herrington's complaint for omitting alleged facts they consider important to the Fourth Amendment analysis. The notice pleading standard does not require the complaint to include "[a] full description of the facts that will prove the plaintiff's claim." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024). Consistent with this general rule, the Seventh Circuit has held that a plaintiff need not plead every fact required to perform a totality of the circumstances analysis to plead a plausible Fourth Amendment excessive force claim. *See Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 476 (7th Cir. 1997);

*see also White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). Instead, the case should proceed to discovery where, as here, the "level to which a situation has escalated is uncertain, and like here, it cannot be ascertained from the pleadings." *Lanigan*, 110 F.3d at 476.

In a similar vein, Seventh Circuit "cases make clear that the motion-to-dismiss stage is rarely 'the most suitable procedural setting to determine whether an official is qualifiedly immune.' The reason is simple: at the outset of litigation, we often cannot tell from a complaint whether qualified immunity applies." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (quoting *Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020)). A district court may "not raise the pleading standard and require plaintiffs to 'anticipate and overcome'" a qualified immunity defense. *Id.* (internal citation omitted) (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)).

Applying these principles here, the court does not concern itself so much with the facts Herrington did not plead. Rather, the court asks whether the complaint includes enough well-pleaded factual material to state a plausible Fourth Amendment excessive force claim. The answer is yes. Herrington's allegations that he had ceased physically resisting before Cory directed his canine partner to bite Herrington must be accepted as true at the Rule 12(b)(6) stage. *See* Compl. ¶ 9. Seen favorably to Herrington, the complaint therefore states a plausible claim under the following clearly established rule: "[P]rior to 2011 it was well-established that 'police officers cannot continue to use force once a suspect is subdued.'" *Becker v. Elfreich*, 821 F.3d 920, 928 (7th Cir. 2016) (quoting *Abbott v. Sangamon Cnty.,* 705 F.3d 706, 732 (7th Cir. 2013)).

In support of dismissal based on the complaint's photographs, defendants cite cases far afield from the present procedural posture, cases in which discovery had occurred, and the court analyzed a video recording of an arrest at summary judgment. In limited circumstances, a video recording may establish "uncontestable" or "indisputable" facts, typically at summary judgment, contradicting other evidence in the record, such as an affidavit describing what is depicted in the video. *See generally Ferguson v. McDonough*, 13 F.4th 574, 582–84 (7th Cir. 2021); *Hurt v. Wise*, 880 F.3d 831, 839–40 (7th Cir. 2018), overruled on other grounds in part by *Lewis v. City*

*of Chicago*, 914 F.3d 472 (7th Cir. 2019). This principle does not permit the court to intrude upon the jury's function as factfinder, and if multiple reasonable inferences about material facts may permissibly be drawn from a video, the jury must decide which inferences to draw. *See Ferguson*, 13 F.4th at 584–85 (denying summary judgment despite defendant's arguments that video footage of use of force was unambiguous); *Smith v. Finkley*, 10 F.4th 725, 738–40 (7th Cir. 2021) (same).

No photo in the complaint affords a clear view of Herrington, who is on the ground surrounded by law enforcement officers. It is impossible to determine from the photos whether or not Herrington is physically resisting. *See* Compl. ¶¶ 7, 10, *supra*, fig.1. Even if the photographs showed that Herrington was resisting physically (again, it is impossible to tell), they do not rule out the possibility, specifically alleged by Herrington, that he stopped resisting and ceased to be an imminent threat after the last photo was taken and before Cory used force. *See* Compl. ¶¶ 8–9. "[A]ctive resistance at some point prior to an officer's deployment of force does not necessarily make the use of such force reasonable under the circumstances if the suspect is passively resisting when force is deployed. It is unreasonable for an officer to use significant force against a passively resisting suspect 'notwithstanding the suspect's previous behavior— including resisting arrest, threatening officer safety, or potentially carrying a weapon.'" *Ferguson*, 13 F.4th at 583–84 (brackets omitted) (quoting *Miller v. Gonzalez*, 761 F.3d 822, 829 (7th Cir. 2014); other citation omitted). In sum, the complaint's photographs do not clearly and unambiguously contradict its well-pleaded factual allegations.

Neither do the photographs provide enough information to conduct the required fact intensive Fourth Amendment analysis of Cory's use of force. *See Graham*, 490 U.S. at 395–96. Unknowns abound. What happened before and after each photo was taken? Unknown. What, if anything, did Herrington and law enforcement officers say during the arrest? Unknown. What else had Cory been told about Herrington? Unknown. How much time passed between each photo? Unknown. How much time passed, and what if anything happened, before Cory directed his canine partner to bite Herrington? Unknown. The timing and sequence of events leading to

7

the use of force is important to the Fourth Amendment analysis. *See, e.g., Finkley*, 10 F.4th at 739.

Given the paucity of material information provided by the complaint, a full Fourth Amendment reasonableness analysis must await further factual development. *See Lanigan*, 110 F.3d at 476; *see also, e.g.*, *Gupta*, 19 F.4th at 999. The court rules only that, taken in a light favorable to Herrington, the complaint states a plausible Fourth Amendment excessive force claim. *See Becker*, 821 F.3d at 928. The record is insufficiently developed to rule on Cory's qualified immunity defense.

Defendants' motion to dismiss the complaint for failure to state a claim is denied.

Date:  March 5, 2025 /s/ Joan B. Gottschall
United States District Judge